IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

RICHARD MORRILL,

    Plaintiff,

v.

GWEN STEFANI,
PHARRELL WILLIAMS,
HARAJUKU LOVERS, LLC, d/b/a HARAJUKU LOVER MUSIC, and
BLACKGROUND-INTERSCOPE RECORDS, LLC, d/b/a INTERSCOPE RECORDS,

    Defendants.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

NOW COMES RICHARD MORRILL by and through counsel Alan F. Blakley, Esq. and Samantha Peaslee, Esq. of POLARIS LAW, LLC and Rick Martin, Esq. of PATENT LAW OFFICES OF RICK MARTIN, P.C., and for his Complaint alleges[1] as follows.

JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this litigation pursuant to 17 U.S.C. § 501, 28 U.S.C. § 2201 as to a declaratory judgment, 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1367 because the other claims are so related to the claims in the action within the

---

[1] All allegations of fact anywhere in this Complaint are to be understood as applying to all portions of this Complaint.

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    This Court has personal jurisdiction over the Defendants who have availed themselves to this jurisdiction by selling and performing the songs at issue and other music within this jurisdiction such that they have more than minimum contacts with the state of Colorado and exercising personal jurisdiction over them would not offend notions of fair play and substantial justice.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and a substantial part of property that is the subject of the action is situated in this District.

## PARTIES

4.    Plaintiff Richard Morrill ("Richard"), also known as Richard Dean Morrill, is an individual residing in Colorado who currently resides in Littleton, Jefferson County, Colorado.

5.    Defendant Gwen Stefani ("Stefani") is a singer and songwriter whose current residence is unknown.

6.    Defendant Pharrell Williams ("Williams"), is a rapper, songwriter, and producer whose current residence is unknown.

7.    Defendant Harajuku Lover Music, also known as Harajuku Lovers, LLC ("Harajuku"), is a California Limited Liability Company that owns the registered copyright for the music and lyrics of "Spark the Fire."  Its principal place of business is 9171 Wilshire Blvd #300, Beverly Hills, CA 90210.

8. Defendant Interscope Records, also known as Blackground-Interscope Records, LLC ("Interscope"), is a Delaware Limited Liability Company that produces musical works and owns the registered copyright for the sound recording of "Spark the Fire." Its principal place of business is 2200 Colorado Blvd., Santa Monica, CA 90404.

## FACTS

9. Richard is a songwriter and singer who was formerly in a band called L.A.P.D.

10. Richard owns copyright SR0000777322 ("Copyright '322") for a sound recording and music entitled "Who's Got My Lightah" registered with the United States Copyright Office on October 12, 2016.

11. Richard owns copyright SR0000777325 ("Copyright '325") for a sound recording and music entitled "Who's Got My Lighter" registered with the United States Copyright Office on October 12, 2016.

12. Richard wrote the music and lyrics for "Who's Got My Lightah" in 1996.

13. Richard recorded "Who's Got My Lightah" in 1996. The date of first publication of "Who's Got My Lightah" was March 3, 1996.

14. Richard wrote the music and lyrics for "Who's Got My Lighter" in 2009. "Who's Got My Lighter" is a derivative work of "Who's Got My Lightah."

15. Richard recorded "Who's Got My Lighter" in 2009. It was first published on May 23, 2009.

16. In 1997, Stefani went to Huntington Beach Beauty Supply in Huntington Beach, California and had Richard color her hair and style it.

17. After this, Richard stopped working at Huntington Beach Beauty Supply and began work at Splash Hair Salon in Huntington Beach, California.

18. In 1998, Stefani went to Richard a second time, this time at Splash Hair Salon, and had Richard style her hair.

19. At the time, Splash had a sound system through which one could play CD's.

20. While styling Stefani's hair at Splash, Richard played a CD of "Who's Got My Lightah" over the Splash sound system for Stefani to hear.

21. After hearing "Who's Got My Lightah" at Splash, Stefani commented that she liked it and accepted Richard's offer of a CD with "Who's Got My Lightah" on it.

22. The lyrics of the chorus of "Who's Got My Lightah" were: "Who's got my lightah? Going to find ya. Who's got my lightah? I'm right behind ya. Who's got my lightah? I'm going to find ya. Give it back, give it back."

22. In 2009, Richard, now in Colorado, wrote another version of "Who's Got My Lightah," with a similar melody but different lyrics for the chorus. He named it "Who's Got My Lighter" or merely "Lighter."

23. The lyrics of the chorus of "Who's Got My Lighter" were: "Who's got my lightah? Who got the fire? Who's got my lightah? Who's got my little lightah?" Fire is pronounced "fi-ya."

24. In 2009, "Who's Got My Lighter", was recorded to CDs in Colorado and placed, in Colorado, on two Internet sites: the Myspace.com page of Richard's band, L.A.P.D., and the ReverbNation page for L.A.P.D. One need not subscribe to MySpace or ReverbNation to hear the songs on them.

25. "Who's Got My Lighter" is still available on the ReverbNation L.A.P.D. page at https://www.reverbnation.com/lapdband/song/4362399-lighter.

26. "Who's Got My Lighter" on MySpace has since been taken down.

27. Richard promoted "Who's Got My Lighter" and the rest of the album on the L.A.P.D. Facebook page in 2010, linking directly to "Who's Got My Lighter" on Myspace.

28. In 2014, Stefani copied the chorus from "Who's Got My Lighter" into another song, "Spark the Fire," which Stefani co-wrote with Williams.

29. The chorus on Steffani's 2014 song, "Spark the Fire," is substantially similar to both "Who's Got My Lightah" and "Who's Got My Lighter."

30. The lyrics to the chorus of "Spark the Fire" are: "Who got the lighter? Let's spark the fire. Who got the lighter? Let's spark the fire." This is repeated once more. Fire is pronounced "fi-ya."

31. The chorus of "Spark the Fire" is sung four times in the song.

32. The rhythm, melody, and background music during the chorus of "Spark the Fire" is almost identical to the chorus of "Who's Got My Lighter." They are sung in the same key.

33. "Spark the Fire" was released as a single on December 1, 2014.

34. On December 15, 2014, Interscope registered the sound recording of "Spark the Fire" with the copyright office.

35. In an *Elle* interview on December 15, 2014, Stefani stated that while Williams wrote much of "Spark the Fire," she is solely responsible for the "'spark the fire' part," or the chorus that is substantially similar to the songs in Copyrights '322 and '325.

36. The chorus from "Spark the Fire" has been sung by Stefani or supplied by Interscope Records and Harajuku Lover Music for others to sing or play a recording on a November 2014 Fiat Gran Finale commercial, a December 2014 episode of NBC's "The Voice," a December 2014 MasterCard commercial, a December 31, 2014 New Year's special, the 2014 People's Magazine Awards, and on the trailer for season two of Fox's "Scream Queens." Upon information and belief, it has been played and performed in additional contexts.

37. On December 12, 2014, a friend who was familiar with Richard's song "Who's Got My Lighter" sent Richard an e-mail with a link to a clip from the TV show "The Voice" in which Gwen Stefani and Pharrell Williams performed "Spark the Fire.".

38. On December 13, 2014, Richard watched the clip of "The Voice" featuring "Spark the Fire" and learned that Stefani had stolen his work.

39. On December 19, 2014, Richard saw a MasterCard Commercial starring Stefani singing "Spark the Fire."

40. Prior to hearing about the Stefani clip from "The Voice" on December 12, 2014, Richard had no reason to suspect that Stefani had taken his copyrighted work and claimed it as her own.

41. On February 12, 2015, the copyright for the music of "Spark the Fire" was transferred to Harajuku.

42. Defendants have made at least $25 million, directly and indirectly, infringing Copyrights '322 and '325.

CLAIM I
ALL DEFENDANTS' DIRECT COPYRIGHT INFRINGEMENT

43. Richard has valid copyrights for "Who's Got My Lightah" and "Who's Got My Ligher" (collectively, "The Protected Works").

44. Stefani had access to the Protected Works through CDs supplied directly to Stefani, through Internet sites including MySpace, ReverbNation, and Facebook, and through other avenues not yet discovered.

45. Williams, Harajuku, and Interscope had access to the Protected Works through Internet sites including MySpace, ReverbNation, and Facebook, through Stefani, and thorugh other avenues not yet discovered.

46. "Spark the Fire" ("The Accused Song") infringe Richard's statutory copyrights in "Who's Got My Lightah" and "Who's Got My Lighter".

47. Stefani copied the music and lyrics of the chorus from "Who's Got My Lighter" without Richard's authorization.

48. Stefani and Williams created the Accused Song, a derivative work of the Protected Works, without Richard's authorization.

49. Harajuku owns the Accused Song, which is a derivative work of the Protected Works.

50. Stefani and Williams performed portions of "Who's Got My Lighter" without Richard's authorization.

51. Interscope created an unauthorized sound recording of the copies of the Protected Works and the Accused Song, which is the derivative work of the Protected Works.

52. The copies, derivative works, performances, and sound recordings made by Defendants are substantially similar to the Protected Works.

53. Defendants unlawfully and willfully copied all or a substantial part of the Protected Works in violation of Richard's statutory and registered copyrights in the the works.

54. The Accused Song infringes Copyright '322.

55. The Accused Song infringes Copyright '325.

56. The Accused Song is substantially similar to the Protected Works with only minor and inconsequential modifications.

57. The Accused Song copied the most innovative and distinctive features of the Protected Works, namely the chorus that is repeated throughout.

58. The multiplicity of similarities between the Protected Works and the melody and lyrics of the Accused Song produced and provided to others by Defendants evidence an intent by Defendants to imitate and copy Richard's works.

59. Defendants' unlawful and willful copying of Richard's Protected Works and the production and provision of the Accused Songs has caused Richard to suffer irreparable damages and lost profits.

CLAIM II
ALL DEFENDANTS' CONTRIBUTORY COPYRIGHT INFRINGEMENT[2]

60. Each individual Defendant had actual knowledge that producing the Accused Song incorporating Richard's works would violate Richard's rights in the copyrighted property or had reason to know that producing the Accused Song would violate Richard's rights in the copyrighted property.

---

[2] Each claim incorporates all elements of the other included claims.

61. Through the actions described above, each individual Defendant materially contributed to, induced, or substantially participated in the infringement and enabled the other Defendants to infringe.

62. The contributory actions damaged Richard and caused him to lose substantial revenue.

## CLAIM III
### DEFENDANTS WILLIAMS AND INTERSCOPE'S VICARIOUS COPYRIGHT INFRINGEMENT

63. Williams, as co-writer and producer of the Accused Song, had the right and ability to supervise Stefani's contribution to the Accused Song.

64. Williams did not supervise Stefani, therefore allowing her to copy the Protected Works and use them in the Accused Song.

65. Williams enjoyed direct financial benefit from Stefani's copying of the Protected Works, the creation of a derivative work based on the Protected Works, the performance of the Protected Works, and the creation of a sound recording of the Protected Works.

66. Interscope, as the record label of the Accused Song, has the right and ability to verify that the songs it records and produces do not violate others' copyrights.

67. Interscope did not exercise this right and ability with regard to the Accused Song.

68. Interscope has enjoyed direct financial benefit in the sale or licensing of the sound recording incorporating the Accused Song.

69. Richard has suffered damages as a result of the infringement of his copyrights.

## CLAIM IV
## DEFENDANT STEFANI'S CIVIL THEFT

70. Stefani knowingly obtained control over Richard's property, namely the Protected Works, by listening to his songs, mimicking them, and copying them in the Accused Song both in the ones she sang, produced, and published and in providing portions to others to be incoporported into commercials.

71. Stefani knew that the Protected Works had value.

72. Richard did not authorize Stefani to copy, use, or create derivative works of his Protected Works, only to listen to them.

73. Stefani obtained control over the Protected Works with the specific intent of permanently depriving Richard of the benefit of his exclusive and proprietary rights in his copyrighted work.

74. Stefani's conduct constitutes civil theft as described in Colo Rev. Stat § 18-4-401.

75. Richard has suffered damages as a result of Stefani's civil theft of the Protected Works.

## DECLARATORY JUDGMENT

76. An actual and justiciable controversy has arisen between Richard and Defendants concerning whether any of Defendants' Accused Song infringes any rights Richard has in his Protected Works.

77. Absent a declaration that the Accused Song infringes Richard's property rights, Defendants will continue wrongfully to produce, provide, and profit from the Accused Song using the Protected Works in violation of the laws and contrary to the public policy of the United States and continue to cause Richard irreparable damages.

78. Richard seeks a declaration that the Accused Song infringes Richard's rights in his Protected Works.

79. Richard is entitled to all reasonable litigation expenses and attorneys' fees associated with the prosecution of this declaratory judgment action as it was made necessary by Defendants' infringing behavior.

## RELIEF SOUGHT

WHEREFORE RICHARD PRAYS for an Order of this Court:

A. Enjoining Defendants from further appropriating and using Richard's Protected Works;

B. Ordering Defendants to pay to Richard all damages suffered by Richard due to their unlawful acts, with prejudgment interest, as well as account for and pay to Richard all gains and profits that they have enjoyed at Richard's expense;

C. Issuing a Declaratory Judgment that the Accused Song infringes Richard's copyrights;

E. Ordering Defendants to pay cost of corrective advertising necessary due to harm to the exclusivity of the copyright and other misleading aspects of Defendants' actions;

F. Ordering Defendants to pay Richard's costs and attorneys' fees as allowed by law; and

H. Granting such other and further relief as this Court deems just.

Respectfully submitted, this _____ day of January 2017.

/s/ Alan F. Blakley, Esq.

Alan F. Blakley
Samantha Peaslee

Polaris Law, LLC
916 South Main Street, Suite 201
Longmont, Colorado 80501
303-557-6488
fax 303 557 6487
ab@lawpolaris.com
speaslee@lawpolaris.com

Rick Martin
Patent Law Offices of Rick Martin, P.C.
1777 S. Harrison St., Suite 1500
Denver, CO 80210
303-651-2177
rmartin@patentcolorado.com

Attorneys for Plaintiff

DEMAND FOR JURY TRIAL

NOW COMES PLAINTIFF, RICHARD MORRILL, by and through counsel of record and demands a trial by jury for all matters so triable in the foregoing complaint.

Respectfully submitted, this _____ day of January 2017.


/s/ Alan F. Blakley, Esq.

Alan F. Blakley
Polaris Law
916 South Main Street, Suite 201
Longmont, Colorado 80501
303-557-6488
fax 303 557 6487
ab@lawpolaris.com

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Acting United States Register of Copyrights and Director

Registration Number
**SR 777-322**
Effective Date of Registration:
October 12, 2016

## Title

Title of Work: Who's got my lightah

## Completion/Publication

Year of Completion: 1996
Date of 1st Publication: March 03, 1996
Nation of 1st Publication: United States

## Author

Author: Richard Dean Morrill
Author Created: sound recording, musical composition, lyrics
Work made for hire: No
Citizen of: United States

## Copyright Claimant

Copyright Claimant: Richard Dean Morrill
6851 S. Lamar St., Littleton, CO, 80128, United States

## Limitation of copyright claim

Material excluded from this claim: none

New material included in claim: sound recording, musical composition, lyrics

## Rights and Permissions

Organization Name: Patent Law Offices of Rick Martin, PC
Name: Rick Martin
Email: rmartin@patentcolorado.com
Telephone: (303)651-2177
Alt. Telephone: (303)651-2177
Address: PO Box 1839
Longmont, CO 80502 United States

## Certification

Page 1 of 2

Registration #: SR0000777322
Service Request #: 1-3853457441

Patent Law Offices of Rick Martin, PC
Rick Martin
PO Box 1839
Longmont, CO 80502 United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*[signature]*

Acting United States Register of Copyrights and Director

**Registration Number**
**SR 777-325**
Effective Date of Registration:
October 12, 2016

## Title

    Title of Work:  Who's got my lighter

## Completion/Publication

    Year of Completion:  2009
    Date of 1st Publication:  May 23, 2009
    Nation of 1st Publication:  United States

## Author

    Author:  Richard Dean Morrill
    Author Created:  sound recording, musical composition, lyrics
    Citizen of:  United States

## Copyright Claimant

    Copyright Claimant:  Richard Dean Morrill
    6851 S. Lamar St., Littleton, CO, 80128, United States

## Limitation of copyright claim

    Material excluded from this claim:  previously published sound recording, music, lyrics

    New material included in claim:  sound recording, revised music

## Rights and Permissions

    Organization Name:  Patent Law Offices of Rick Martin, PC
    Name:  Rick Martin
    Email:  rmartin@patentcolorado.com
    Telephone:  (303)651-2177
    Address:  PO Box 1839
    Longmont, CO 80502 United States

## Certification

    Name:  Rick Martin
    Date:  July 26, 2016

Registration #: SR0000777325
Service Request #: 1-3853457710

Patent Law Offices of Rick Martin, PC
Rick Martin
PO Box 1839
Longmont, CO 80502 United States