1  Peter J. Anderson, Esq., Cal. Bar No. 88891
   E-Mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A Professional Corporation
3  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
4  Tel: (310) 260-6030
   Fax: (310) 260-6040
5
   Attorney for Defendants
6  GWEN STEFANI, PHARRELL WILLIAMS,
   BREAK OUT MY COCOON, LLC and
7  UMG RECORDINGS, INC.

8                **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **WESTERN DIVISION**

11  RICHARD MORRILL,                    ) Case No. 2:17-cv-07301-DMG-SK
                                        )
12          Plaintiff,                  )
                                        )
13      vs.                             ) DEFENDANT GWEN STEFANI'S
                                        ) MEMORANDUM OF POINTS AND
                                        ) AUTHORITIES IN SUPPORT OF
14  GWEN STEFANI, PHARRELL              ) MOTION TO DISMISS PLAINTIFF'S
    WILLIAMS, BREAK OUT MY              ) CONVERSION CLAIM FOR
15  COCOON, LLC, d/b/a HARAJUKU         ) FAILURE TO STATE A CLAIM
    LOVER MUSIC, and INTERSCOPE         )
16  RECORDS, A DIV. OF UMG              ) [Fed. R. Civ. P. 12(b)(6)]
    RECORDINGS, INC., and UMG           )
17  RECORDINGS, INC.,                   )
                                        ) Date: December 22, 2017
18          Defendants.                 ) Time: 9:30 a.m.
                                        )
19  _____ )        Courtroom of the Honorable
                                              Dolly M. Gee
20                                         United States District Judge

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2   1.   SUMMARY OF ARGUMENT ........................................................................1

3   2.   THE COPYRIGHT ACT PREEMPTS PLAINTIFF'S STATE LAW

4       CLAIM FOR CONVERSION OF HIS ALLEGED COPYRIGHTED

5       WORKS....................................................................................................................1

6       (a)   State Law Conversion Claims Equivalent to Copyright Claims

7             Are Preempted by Federal Copyright Law and Properly Dismissed.......1

8       (b)   The Copyright Act Preempts Plaintiff's Fourth Claim for

9             Conversion Under California Law.........................................................3

10           (1)   This Circuit's Two-Prong Test Under 17 U.S.C. § 301(a)

11                Confirms that Plaintiff's Conversion Claim Is Preempted............3

12           (2)   There Is No "Extra Element" that Distinguishes Plaintiff's

13                Conversion Claim from a Copyright Infringement Claim ............5

14           (3)   Plaintiff's References to Uncopyrightable Elements of His

15                Works Do Not Save His Conversion Claim.................................6

16                *i.*    *A State Law Claim Based on the Copying of a*

17                      *Copyrighted Work Is Preempted Even though the*

18                      *Work Includes Uncopyrightable Elements*.........................6

19                *ii.*    *A Conversion Claim Requires Ownership of the*

20                      *Alleged Property and No One Owns Unprotected*

21                      *Public Domain Elements*.....................................................8

22   3.   CONCLUSION ........................................................................................8

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*Batjac Prods. Inc. v. GoodTimes Home Video Corp.*, 160 F.3d 1223
  (9th Cir. 1998)......................................................................................................2

*Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240 (W.D. Wash. 2007) ...............7

*Brown v. Republic Prods.*, 26 Cal. 2d 867, 161 P.2d 796 (1945) ...............................2

*Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 80 Cal. Rptr. 2d 704 (1998).................3

*Doody v. Penguin Grp. (USA) Inc.*, 673 F. Supp. 2d 1144 (D. Haw. 2009)............2, 7

*Educ. Testing Serv. v. Simon*, 95 F. Supp. 2d 1081 (C.D. Cal. 1999).........................6

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).................................7

*Goldberg v. Cameron*, 482 F. Supp. 2d 1136 (N.D. Cal. 2007)...................................3

*Harper & Row Publishers, Inc. v. Nation Enter.*, 723 F.2d 195
  (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985)..................................6

*In re Emery*, 317 F.3d 1064 (9th Cir. 2003) ...................................................... 3, 5, 7

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998)................................2

*Mktg. Info. Masters, Inc. v. Bd. of Trustees of California State Univ. Sys.*,
  552 F. Supp. 2d 1088 (S.D. Cal. 2008)....................................................................3

*Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841 (2d Cir. 1997)......................6

*ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996) ..........................................6

*Salt Optics, Inc. v. Jand, Inc.*, 2011 WL 13055856 (C.D. Cal. Mar. 4, 2011)............7

*Selby v. New Line Cinema Corp.*, 96 F. Supp. 2d 1053 (C.D. Cal. 2000) ...................7

*Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137 (9th Cir. 2008) ....................2

*UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*, 446 F. Supp. 2d 1164
  (E.D. Cal. 2006) .......................................................................................................6

*Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816 (C.D. Cal. 1997).......................3

*Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446 (6th Cir. 2001).............................6, 7

*Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542 (N.D. Cal. 1990) ..............4

*Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022 (N.D. Cal. 2003) ..................3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Statutes**

Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*.......................................................1

17 U.S.C. § 102............................................................................. 2, 4, 7

17 U.S.C. § 103.....................................................................................2

17 U.S.C. § 106............................................................................. 2, 4, 5

17 U.S.C. § 301................................................................. 2, 3, 4, 5, 6, 7

**Treatises**

M. Nimmer & D. Nimmer, *Nimmer on Copyright* (2017) .......................................3, 4

**Other Authorities**

H. R. Rep. No. 1476, 94th Cong., 2d Sess. (1976).......................................................2

**Rules**

Federal Rule of Civil Procedure 12 ...............................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.      SUMMARY OF ARGUMENT**

Defendant Gwen Stefani respectfully submits this Memorandum in support of her Motion for an Order dismissing plaintiff Richard Morrill's First Amended Complaint's fourth claim for relief for conversion, for failure to state a claim.

Plaintiff filed this action for alleged copyright infringement in the United States District Court for the District of Colorado – where no defendant resides – and plaintiff included in his initial Complaint a claim against Ms. Stefani for alleged "civil theft" under Colorado law.  Complaint (Doc. 1) at 10, ¶¶ 70-75.  Ms. Stefani moved to dismiss that claim as preempted by the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.*, and the District Court instead transferred the action to this District Court, denying her motion without prejudice.  Oct. 2, 2017 Order (Doc. 50) at 9, 10.  Plaintiff then obtained by stipulation and order leave to file a First Amended Complaint, which drops the Colorado law claim and in its place asserts against Ms. Stefani a claim for conversion under California state law.  First Amended Complaint ("FAC"; Doc. 77 at 13, ¶¶ 70-75).

Amending to assert his claim for conversion under California law did not solve plaintiff's problem.  The Copyright Act clearly preempts his claim that Ms. Stefani converted his alleged copyrighted works by supposedly copying them.  His First Amended Complaint's fourth claim for conversion should be dismissed and, since this defect cannot be cured, dismissed with prejudice.

**2.      THE COPYRIGHT ACT PREEMPTS PLAINTIFF'S STATE LAW CLAIM FOR CONVERSION OF HIS ALLEGED COPYRIGHTED WORKS**

**(a)      State Law Conversion Claims Equivalent to Copyright Claims Are Preempted by Federal Copyright Law and Properly Dismissed**

Prior to the 1976 Copyright Act, there was a dual system of copyright under which "[u]npublished works were protected by state common law or statute, while

1

1  published works were protected by federal statute."  *Batjac Prods. Inc. v.*
2  *GoodTimes Home Video Corp.*, 160 F.3d 1223, 1226 (9th Cir. 1998).  The state law
3  theories for protection included conversion.  *See, e.g., Brown v. Republic Prods.*, 26
4  Cal. 2d 867, 868, 161 P.2d 796, 797 (1945) ("conversion" of musical composition's
5  "music, lyrics and title").

6  To end that dual system of copyright, "[t]he Copyright Act explicitly preempts
7  state laws that regulate in the area of copyright, stating that 'all legal or equitable
8  rights that are equivalent to any of the exclusive rights within the general scope of
9  copyright as specified by [17 U.S.C.] section 106 . . . are governed exclusively by
10  this title.'"  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir.
11  2008), *quoting* 17 U.S.C. § 301(a).  In preempting all equivalent state law claims,
12  Congress intended to "sweep broadly," *Firoozye v. Earthlink Network*, 153 F. Supp.
13  2d 1115, 1121 (N.D. Cal. 2001), using "the clearest and most unequivocal language
14  possible, so as to foreclose any conceivable misinterpretation of its unqualified
15  intention that Congress shall act preemptively, and to avoid the development of any
16  vague borderline areas between State and Federal protection.'"  *Id.*, *quoting*  H. R.
17  Rep. No. 1476, 94th Cong., 2d Sess. 130 (1976).

18  A state law claim is preempted by Section 301(a) "if: (1) the work involved
19  falls within the general subject matter of the Copyright Act as specified by [17
20  U.S.C.] sections 102 and 103; and (2) the rights that the plaintiff asserts under state
21  law are equivalent to those protected by the Act in [17 U.S.C.] section 106 in works
22  of authorship that are fixed in a tangible medium of expression."  *Firoozye*, 153 F.
23  Supp. 2d at 1123-24; *Sybersound*, 517 F.3d at 1150; *Kodadek v. MTV Networks,*
24  *Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998).

25  Applying that test, Courts have repeatedly concluded that a state law claim for
26  conversion based on the copying, distribution or performance of a copyrighted work
27  is equivalent to a copyright infringement claim and preempted by federal law.  *See,*
28  *e.g., Doody v. Penguin Grp. (USA) Inc.*, 673 F. Supp. 2d 1144, 1164–65 (D. Haw.

2

2009); *Mktg. Info. Masters, Inc. v. Bd. of Trustees of California State Univ. Sys.*, 552 F. Supp. 2d 1088, 1098 (S.D. Cal. 2008); *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1151 (N.D. Cal. 2007); *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003); *Firoozye*, 153 F. Supp. 2d at 1130 (N.D. Cal. 2001); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 822–23 (C.D. Cal. 1997); *Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996); *see, also* 1 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 1.01[B][1][i] (2017) ("it is generally held that an action for conversion will lie only for wrongful possession of the tangible embodiment of a work, whereas a copyright action must be brought for wrongful use of the intangible artistic property contained therein").

And a state law conversion claim that is preempted by the Copyright Act is properly dismissed under Federal Rule of Civil Procedure 12(b)(6). *See, e.g, Zito*, 267 F. Supp. 2d at 1027.

**(b)      The Copyright Act Preempts Plaintiff's Fourth Claim for Conversion Under California Law**

**(1)      This Circuit's Two-Prong Test Under 17 U.S.C. § 301(a) Confirms that Plaintiff's Conversion Claim Is Preempted**

Plaintiff's fourth claim for relief is for conversion under California law and is asserted only against Ms. Stefani.  FAC at 13, 70-75.  "Under California law, conversion is the wrongful exercise of dominion over another's personal property in denial of or inconsistent with his rights in the property . . . .  The elements of conversion are (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) damages."  *In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003), *citing Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066, 80 Cal. Rptr. 2d 704, 706 (1998).

Here, plaintiff alleges that he "has valid copyrights" in a 1996 recorded musical composition and a 2009 derivative version, which he refers to collectively

1   as the "Protected Works," and that his copyrights were infringed by *Spark the Fire*,

2   which he refers to as the "Accused Song."  FAC at 4, ¶¶ 9-15, & at 9, ¶¶ 43, 46.  He

3   also alleges that Ms. Stefani exercised "control over [his] property, namely the

4   Protected Works, by listening to his songs, mimicking them, and copying them in

5   the Accused Song both in the ones she sang, produced, and published and in

6   providing portions to others to be incoporported [sic] into commercials."  *Id.* at 13,

7   ¶ 70.

8          Applying the established test for Section 301 preemption leads inexorably to

9   the conclusion that plaintiff's conversion claim is preempted.

10          As for the first prong of the test, plaintiff's claimed 1996 recorded musical

11   composition and his 2009 recorded derivative version are "within the subject matter

12   of copyright as specified by sections 102 and 103" (17 U.S.C. § 301(a)) because

13   Section 102 specifically includes "musical works, including any accompanying

14   words; . . . ," and "sound recordings; . . ." (17 U.S.C. § 102(a)(2) & (7)), and Section

15   103 specifically includes derivative works (17 U.S.C. § 103(a)).  Indeed, plaintiff

16   alleges he has registered federal copyrights in his recorded musical compositions.

17   FAC at 4, ¶¶10-11.  His so-called "Protected Works" are within the general scope of

18   copyright and, as a result, the first prong of the preemption test is satisfied.

19          As for the second prong, the rights that plaintiff asserts in his state law

20   conversion claim are equivalent to those protected by Section 106 of the Copyright

21   Act.  Because Section 106 gives a copyright owner the exclusive "right to prohibit

22   reproduction – whether in copies or phonorecords and whether in original or

23   derivative form – performance, distribution or display of [the] work, . . . in essence,

24   a right that is 'equivalent to copyright' is one that is infringed by the mere act of

25   reproduction, performance, distribution, or display."  1 *Nimmer on Copyright* §

26   1.01[B][1]; *Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1550 (N.D.

27   Cal. 1990) (same).  That, of course, is exactly what plaintiff alleges here.  FAC at

28   13, ¶ 70 (Ms. Stefani supposedly converted plaintiff's copyrights works "by

4

1    listening to his songs, mimicking them, and copying them in the Accused Song both

2    in the ones she sang, produced, and published and in providing portions to others to

3    be incoporporated [sic] into commercials").  Since the rights that plaintiff asserts

4    under his state law conversion claim are the exclusive rights to copy, reproduce in

5    derivative versions, publicly perform and license his alleged copyrighted works, the

6    second prong of the preemption test also is satisfied.

7          Accordingly, the two-prong test of Section 301(a) confirms that plaintiff's

8    conversion claim is preempted.

9                    **(2)    There Is No "Extra Element" that Distinguishes Plaintiff's**

10                   **Conversion Claim from a Copyright Infringement Claim**

11         Preemption may be avoided "if there is an 'extra element' that is required in

12   place of or in addition to the acts of reproduction, performance, distribution, or

13   display in order to constitute a state-law cause of action, and the 'extra element'

14   required by state law changes the nature of the action so that it is qualitatively

15   different from a copyright infringement claim, . . . ."  *Firoozye*, 153 F. Supp. 2d at

16   1125.  But plaintiff's conversion claim is based <u>solely</u> on the alleged unauthorized

17   use of his copyrighted recorded compositions and is just a re-labeled copyright

18   infringement claim.

19         Thus, in his conversion claim plaintiff alleges that Ms. Stefani's alleged

20   "control" over his "Protected Works" consists of "mimicking" and "copying them,"

21   and "providing portions to others to be incoporporated [sic] into commercials" (FAC

22   at 13, ¶ 70), all of which alleged conduct he summarizes as "copy[ing], us[ing], or

23   creat[ing] derivative works of his Protected Works, . . ." (*id.* at 13, ¶ 72).  These

24   allegations are dead-center of the rights provided by the Copyright Act, which

25   include "the exclusive rights" to copy a work, to employ it in the creation of

26   derivative works and to publicly distribute and perform those copies and derivative

27   works.  17 U.S.C. § 106(1)-(2) & (3)-(4).

28   ///

5

1    Plaintiff also alleges that Ms. Stefani supposedly did all this "knowingly" and

2    "with specific intent."   FAC at 13, ¶¶ 70, 73.   But conversion – like copyright

3    infringement – is a strict liability tort.  *In re Emery*, 317 F.3d at 1069 ("In California,

4    conversion is a strict liability tort: Questions of good faith, lack of knowledge, and

5    motive are ordinarily immaterial"); *UMG Recordings, Inc. v. Disco Azteca*

6    *Distributors, Inc.*, 446 F. Supp. 2d 1164, 1172 (E.D. Cal. 2006) ("copyright

7    infringement 'is a strict liability tort'"), *quoting Educ. Testing Serv. v. Simon*, 95 F.

8    Supp. 2d 1081, 1087 (C.D. Cal. 1999).   As a result, plaintiff's gratuitous allegations

9    of willfulness do not change that his state law conversion claim is a disguised

10   copyright infringement claim.   Instead, they merely make his state law claim a

11   disguised *willful* copyright infringement claim, and it still is preempted.

**(3)     Plaintiff's References to Uncopyrightable Elements of His**

12

**Works Do Not Save His Conversion Claim**

13

14   Finally, plaintiff cannot save his state law conversion claim by adding that

15   Ms. Stefani supposedly deprived him "of the benefit of his exclusive and proprietary

16   rights in any uncopyrightable portions of his copyrighted works."   FAC at 13, ¶ 74.

*i.     A State Law Claim Based on the Copying of a*

17

*Copyrighted Work Is Preempted Even though the Work*

18

*Includes Uncopyrightable Elements*

19

20   Every Circuit that has ruled on the issue has confirmed that Section 301(a)

21   preemption applies even where the plaintiff relies on uncopyrightable elements of

22   his work.  "[O]therwise 'states would be free to expand the perimeters of copyright

23   protection to their own liking, on the theory that preemption would be no bar to state

24   protection of material not meeting federal statutory standards.'"  *Wrench LLC v.*

25   *Taco Bell Corp.*, 256 F.3d 446, 455 (6th Cir. 2001), *quoting Harper & Row*

26   *Publishers, Inc. v. Nation Enter.*, 723 F.2d 195, 200 (2d Cir. 1983), *rev'd on other*

27   *grounds*, 471 U.S. 539 (1985); *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d

28   841, 849 (2d Cir. 1997) ("Copyrightable material often contains uncopyrightable

6

1   elements within it, but Section 301 preemption bars state law misappropriation

2   claims with respect to uncopyrightable as well as copyrightable elements"); *ProCD,*

3   *Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996) ("One function of § 301(a) is

4   to prevent states from giving special protection to works of authorship that Congress

5   has decided should be in the public domain, which it can accomplish only if 'subject

6   matter of copyright' includes all works of a *type* covered by sections 102 and 103,

7   even if federal law does not afford protection to them" (emphasis in original)).

8        District Courts in this Circuit have uniformly agreed.  *See, e.g., Doody*, 673 F.

9   Supp. 2d at 1165 (conversion claim preempted even if based on copying and use of

10  unprotected ideas in plaintiff's copyrighted manuscript; the "scope of the Copyright

11  Act's subject matter is broader than the scope of the Act's protections"), *quoting*

12  *Wrench,* 256 F.3d at 455; *Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240,

13  1248 (W.D. Wash. 2007) ("Even if . . . plaintiff's website or elements thereof are

14  unprotected under § 102(b), this does not mean that the website is outside

15  copyright's subject matter for the preemption purposes under § 301"); *Selby v. New*

16  *Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1058 (C.D. Cal. 2000) (because

17  uncopyrighted ideas are embodied in copyrighted work, they are within the subject

18  matter of copyright for preemption purposes); *Salt Optics, Inc. v. Jand, Inc.*, 2011

19  WL 13055856, at *5 (C.D. Cal. Mar. 4, 2011) ("A work may be unprotected under

20  the Copyright Act and still fall within the 'subject matter' of copyright for

21  preemption purposes").

22       Accordingly, plaintiff cannot avoid preemption of his state law claim for the

23  alleged copying and use of his recorded compositions, by raising that his recorded

24  compositions include uncopyrightable elements.

25  ///

26  ///

27  ///

28  ///

1

2

3

       *ii.*  *A Conversion Claim Requires Ownership of the Alleged Property and No One Owns Unprotected Public Domain Elements*

4    Plaintiff's allegation that uncopyrightable elements of his recorded musical

5 composition were converted also fails to save his conversion claim because

6 conversion requires, *inter alia*, "the plaintiff's ownership or right to possession of

7 the property; . . . ." *In re Emery*, 317 F.3d at 1069.  By definition, uncopyrightable

8 elements are in the public domain and free for anyone to use.  *Feist Publ'ns, Inc. v.*

9 *Rural Tel. Serv. Co.*, 499 U.S. 340, 349-50 (1991).  Since plaintiff cannot have

10 "ownership or [a] right to possession of" unprotected elements, they cannot be the

11 basis of a conversion claim.

12    Accordingly, plaintiff's fourth claim should be dismissed.

13 **3.**  **CONCLUSION**

14    Plaintiff's fourth claim for conversion under California law is expressly based

15 on the alleged copying, distribution and performance of copyrighted works and is

16 nothing more than a re-labeled, disguised copyright infringement claim.  Ms. Stefani

17 respectfully submits that plaintiff's conversion claim should be dismissed and, since

18 the defects in the claim cannot be remedied, dismissed with prejudice.

19 Dated: November 22, 2017

                /s/ Peter J. Anderson

20                Peter J. Anderson, Esq.
              LAW OFFICES OF PETER J. ANDERSON

21                A Professional Corporation
                Attorney for Defendants

22                GWEN STEFANI,
                PHARRELL WILLIAMS,

23             BREAK OUT MY COCOON, LLC
              and UMG RECORDINGS, INC.

24

25

26

27

28